IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,317






EX PARTE KEITH E. WILDER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 02-0137 IN THE 71st JUDICIAL DISTRICT COURT

HARRISON COUNTY





 Per Curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of aggravated robbery, and punishment was assessed at seventy-five years'
imprisonment. Applicant appealed, and his conviction was affirmed. Wilder v. State, No. 06-02-00220-CR (Tex. App. -- Texarkana, delivered September 22, 2003, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, based upon an affidavit from appellate counsel, recommended that relief be granted. 
The record reflects that counsel did not inform Applicant that he could file a petition for
discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 02-0137 from
the 71st Judicial District Court of Harrison County. Applicant is ordered returned to the
point at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: December 14, 2005

DO NOT PUBLISH